IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK ROSS, | ) | |
| Plaintiff, | ) | 2:06-cv-02748-GEB-GGH |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BASKETBALL TOWN, LLC; SACRAMENTO BASKETBALL TOWN, LLC; BARBARA HARDCASTLE as an individual and as Trustee for the Hardcastle Trust; HARDCASTLE TRUST; NOTHING BOT NET, LLC dba BASKETBALL TOWN SPORTS AND EVENTS; KIM DENNIS; STEVEN FEICK dba ALDINO'S PIZZA, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| SACRAMENTO BASKETBALL TOWN, LLC; and KIM DENNIS, | ) ) ) |
| Cross-Complainants, | ) |
| v. | ) |
| BARBARA HARDCASTLE, as an individual and as Trustee for the Hardcastle Trust; HARDCASTLE TRUST; 21st CENTURY INVESTMENTS, INC.; GREG HARDCASTLE; | ) ) ) ) ) ) |
| Cross-Defendants. | ) |

On November 16, 2007, Cross-Defendants Greg Hardcastle and 21st Century Investments, Inc. ("Cross-Defendants") moved to set aside the Default entered against them on the Cross-Claim by Sacramento

Basketball Town LLC and Kim Dennis ("Cross-Complainants").  Kim Dennis alone opposes the motion.[1]  For the reasons stated, the motion is granted.

BACKGROUND

On July 9, 2005, 21st Century Investments, Inc. entered into a lease with Sacramento Basketball Town, LLC for property in Rancho Cordova, California.  (Dennis' Opp'n at 2:3-5.)  Greg Hardcastle is the CEO of 21st Century Investments, and Kim Dennis is the manager of Sacramento Basketball Town.  (Hardcastle Decl. ¶ 1; First Amended Cross-Claim ¶ 2.)  Plaintiff filed this action on November 17, 2006 claiming that he was denied "equal access to full use and enjoyment of the property given the absence of a lift to a mezzanine area . . . ." (Hardcastle Decl. at 2:12-15.)  On June 26, 2007, Plaintiff filed an Amended Complaint, which was served on Cross-Defendants on July 31, 2007. (Mot. at 2:1-3.)  On July 25, 2007, Cross-Complainants served Cross-Defendants with a First Amended Cross-Claim, which included claims for breach of contract, declaratory relief, and equitable contribution.  (Id. at 2:14-23; First Amended Cross-Claim ¶¶ 20, 24, 28.)

Greg Hardcastle declares he "believed, in good faith, that the insurance company would take care of the matter."  (Hardcastle Decl. ¶ 5)  But he received a letter from his insurance company denying coverage on a date that he fails to disclose.  (Id. ¶ 6.)  On August 21, 2007, Mr. Hardcastle contacted the law firm Christensen

---

[1]   Oral arguments were scheduled for December 17, 2007.  However, the lawyer representing Kim Dennis was apparently ill and sent another lawyer to conduct arguments who could not answer the first question posed to her because she was not familiar with the case.  Accordingly, the hearing was adjourned.  Thus, for all practical purposes, the matter was submitted without oral arguments.

Ehret, LLP regarding representation of Cross-Defendants. (Kashack Decl. ¶ 9.) "Thereafter, it was determined that 21st Century Investments, Inc. was a suspended corporation." (Id.)  On August 31, 2007, Cross-Complainants filed a Request for Entry of Default against Cross-Defendants. (Mot. at 3:16-15.)  Default was entered against Cross-Defendants on September 4, 2007. (Id. at 3:16.)  Cross-Complainants have not moved for a Default judgment against Cross-Defendants. (Id. at 1:16-17.)  On September 6, 2007, Christensen Ehret was retained to represent Cross-Defendants. (Kashack Decl. ¶ 12.)  On September 21, 2007, counsel for Kim Dennis suggested the parties enter mediation. (Kashack Decl. ¶ 16.)  Cross-Defendants and Cross-Complainants dispute why the proposed mediation did not take place. (Mot. at 4:15-19; Dennis' Opp'n at 4:21-28.)

In September and October of 2007, Cross-Defendants' counsel, Shawna Kashack, made several unsuccessful requests that Cross-Complainants stipulate to set aside the default. (Kashack Decl. ¶ 13-15, 18, 20, 21.)  Meanwhile, Mr. Hardcastle began taking steps to restore the corporate status of 21st Century Investments, and on October 23, 2007, Ms. Kashack confirmed that the corporate status had been restored. (Hardcastle Decl. ¶ 8, Kashack Decl. ¶ 22.)  On November 16, 2007, Cross-Defendants moved to set aside the Default.

## DISCUSSION

"For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c).  To satisfy the "good cause" standard the movant must show: 1) excusable neglect; 2) a meritorious defense; and 3) that setting aside the default will not unfairly prejudice the other party. Franchise Holding II, LLC. v. Huntington Rest.s Group, Inc. 375 F.3d 922, 925-26 (9th Cir. 2004); Mendoza v.

Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986); Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).  Where the movant seeks timely relief from a default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974)).

I.  Excusable Neglect

        Cross-Defendants argue their "mistaken belief that their insurance company was handling this matter on their behalf, coupled with their inexperience and unfamiliarity with legal procedure, constitute inadvertence and excusable neglect . . . ."  (Mot. at 5:23-27.)  "Further, . . . 21st Century Investments, Inc. [argues its] lack of corporate status prohibited it from responding to the Cross-Complaint until such time as its corporate status was renewed."  (Mot. at 5:23-27, 6:1-2.)  Cross-Complainants rejoin that "[n]either Mr. Hardcastle nor 21st Century Investments is unfamiliar with legal process," as evidenced by their prior involvement in litigation. (Dennis' Opp'n at 8:5-19.)  Cross-Complainants further argue that Cross-Defendants had notice of the Summons and Cross-Claim on July 25, 2007, and "if the insurance carrier misled him, that is a matter between Hardcastle and the insurance carrier."  (Id. at 7:8-28.) Cross-Complainants also suggest that Cross-Defendants' failure to appear was deliberate, in part because he was marketing the property to potential new tenants.  (Id. at 7:8-28.)

///

///

///

> [T]he determination [of excusable neglect] is at
> bottom an equitable one, taking account of all
> relevant circumstances surrounding the omission
> [including] the length of the delay and its
> potential impact on judicial proceedings, the
> reason for the delay, including whether it was
> within the reasonable control of the movant, and
> whether the movant acted in good faith.

Pioneer Inv. Serv.s Co. v. Brunswidk Assoc.s Ltd. P'ship, 507 U.S.
380, 395 (1993).  No excusable neglect exists when the movant's
actions leading to the default were culpable; "[i]n this context
culpable conduct means actions taken willfully or in bad faith."
Gross v. Stereo Components Sys.s, Inc., 700 F.2d 120, 123-24 (3d Cir.
1983).

Because 21st Century Investments was a suspended corporation
when the Request for Entry of Default was filed, and since because its
corporate status was not renewed until after the Default was entered,
21st Century Investments' failure to respond to the Cross-Claim is
excusable.

Mr. Hardcastle mistakenly believed his insurance company
would answer the Complaint.  After he became aware that his insurance
company would not represent him, Mr. Hardcastle contacted a law firm
about representing him on August 21, 2007;  he did not retain counsel
until two days after the Default had entered.  Once counsel was
retained, she quickly made several requests that Cross-Complainants
stipulate to setting aside the Default, but Cross-Complainants refused
to do so.  While it may have been possible for Mr. Hardcastle to
retain counsel more quickly, his delay is not significant.  The bulk
of the delay in these proceedings resulted instead from Cross-
Complainants refusing to stipulate to set aside the Default once
Cross-Defendants were represented by counsel.  Cross-Complainants have
not shown that Cross-Defendants' failure to respond was in bad faith.

Accordingly, Mr. Hardcastle has shown a reasonable excuse for the Default. <u>Butner v. Newstadter,</u> 324 F.2d 783, 786-87 (9th Cir. 1963) (finding sufficient excuse where Defendant thought he had hired counsel to represent him).

## II.  Meritorious Defense

Cross-Defendants argue that they have a meritorious defense in this action because "[t]he Lease Agreement contains provisions which require Cross-Complainants to hold Cross-Defendants harmless and to defend and indemnify Cross-Defendants from all claims arising out of or in connection with the use and occupancy of the premises." (Defs.' Reply at 5:18-21.)  Cross-Complainants rejoin that "simply asserting that one has a defense without supporting facts is 'not enough' to justify vacating a Default or Default Judgment." (Dennis' Opp'n at 9:8-11 (citing <u>Franchise Holding II, LLC,</u> 375 F.3d at 926).)

"[A] party seeking to set aside a default need not prove his defense by a preponderance of the evidence. Rather, that party only carriers the burden of producing competent evidence that establishes a factual or legal basis for the tendered defense." <u>Tri-Cont'l Leasing Corp., Inc. v. Zimmerman</u>, 485 F. Supp. 495, 497 (N.D. Cal. 1980) (citing <u>Cent. Operating Co. v. Util. Workers Union of Am.</u>, 491 F.2d 245, 252 n.8 (4th Cir. 1974)).

The Sacramento Basketball Town lease contains a provision that Sacramento Basketball Town shall indemnify, and hold harmless 21st Century Investments and its agents from any claims arising out of the use of the premises by Sacramento Basketball Town. (Dennis' Opp'n, Exh. 1 ¶ 8.7.)  This appears to be a valid hold harmless clause that provides a legal basis for a defense to Cross-Complainants'

1    breach of contract, declaratory relief (to determine the parties'
2    rights under the lease), and equitable contribution claims.
3    III.  Unfair Prejudice
4            Cross-Defendants argue that "Cross-Complainants have
5    proceeded with their case against all other cross-defendants [and]
6    [b]y setting aside the default, Cross-Complainants would suffer no
7    prejudice."  Cross-Complainants do not respond to this argument.  "The
8    standard [for unfair prejudice] is whether [Cross-Complainants']
9    ability to pursue [their] claim will be hindered."  Falk v. Allen, 739
10   F.2d 461, 463 (9th Cir. 1984).  Cross-Complainants will not be
11   unfairly prejudiced by setting aside the Default because they can
12   pursue their claims against Cross-Defendants concurrent with the same
13   claims against other cross-defendants.

14                              SUMMARY
15           For the reasons stated, Cross-Defendants' Motion is granted.
16   The September 4, 2007 entry of Default against 21st Century
17   Investments, Inc. and Greg Hardcastle is set aside.  21st Century
18   Investments, Inc. and Greg Hardcastle have leave to file responsive
19   pleadings within ten days after this Order is filed, exclusive of the
20   date of filing.

21           IT IS SO ORDERED.

22   Dated:  December 26, 2007
23
24   _____
     GARLAND E. BURRELL, JR.
25   United States District Judge
26
27
28

                                7